## Case No. 15,135.

### UNITED STATES v. FORTY–SIX CASKS OF CALIFORNIA GRAPE BRANDY.

·[5 Int. Rev. Rec. 161.]

District Court, D. California. 1867.

INTERNAL REVENUE—SEIZURE—TIME OF FORFEITURE—INT. REV. ACT JUNE 30, 1864.

Where brandy in casks is purchased from a distiller without having first been gauged and inspected as required by law, and is subsequently seized within the time prescribed by the internal revenue act of June 30, 1864, § 68 [13 Stat. 248], and proceedings for its enforcement are commenced within the time required by section 68 of such act, the claimant takes nothing by his purchase, as the brandy at the time of the sale was forfeited to the United States.

[This was a proceeding for the forfeiture of 46 casks of California grape brandy (G. Sanguinnette, claimant), under the internal revenue act of June 30, 1864.]

DEADY, District Judge. Upon the facts proved in this case, the question of law arose as to whether the forfeiture denounced by section 68 of the internal revenue act of June 30, 1864, takes effect at the time the forfeiture occurs or not until the seizure is made. The claimant maintains the latter alternative, and rests his right to a return of the brandy on that ground. He is a purchaser between the commission of the cause of forfeiture and the seizure. That the goods were forfeited to the United States, or liable to be so forfeited, so far as the original owner and manufacturer is concerned, is not questioned by any one. They were by the manufacturer received from the distillery to the cellar where they were seized, without being gauged or inspected as required by law. The brandy was stored in this cellar, when purchased by the claimants, and at the time, the casks which contained the spirits bore no mark or evidence that the contents had been gauged or inspected. As to the manufacturer, the goods were also forfeited or liable to forfeiture, because such manufacturer refused or neglected to make true and exact entry of the spirits distilled by him during the time this brandy was his property. In the language of Judge Ballard in U. S. v. Fifty–Six Barrels of Whiskey [Case No. 15,095]: "The decisions are uniform both in England and the United States, that when a statute denounces a forfeiture of property as the penalty for the commission of crime, if the denunciation is in direct terms, and not in the alternative, the forfeiture takes place at the time the offense is committed, and operates as a statutory transfer of the right of property to the government." Numerous precedents are quoted in support of the statement. When the forfeiture is not denounced in the alternative, as of the goods or their value, the rule of construction is too well settled to admit of argument or controversy, that the forfeiture takes place at the time of the commission of the cause of forfeiture, and operates to transfer the property in the thing forfeited to the government so as to avoid all intermediate sales made between the commission of the act and the judicial sentence of condemnation. Indeed, the learned counsel for the claimant does not deny this doctrine, but seeks to avoid the effect or the application in this case, on the ground that the forfeiture is denounced in section 68, which reads as follows: "Provided that such seizure be made within 30 days after the cause for the same shall have come to the knowledge of the collector or deputy collector, and that proceedings to enforce said forfeiture shall have been commenced by such collector within 20 days after the seizure thereof." The proviso does not prevent the forfeiture. It does not except the goods mentioned from the previous words of the section, which declare a direct and present forfeiture. It only operates, as the books say, to avoid the forfeiture by way of defeasance or excuse. In this case, by the terms of the proviso, such defeasance or discharge can only occur where it is shown that the seizure was not "made within thirty days after the cause for the same shall have come to the knowledge of the collector or deputy collector," and that legal proceedings were commenced thereon within the farther time limited for that purpose.

As it appears from the facts found in this case that the seizure and subsequent proceedings took place within the time prescribed by the proviso, it follows that the forfeiture which occurred prior to the purchase from the distiller by the claimant was never discharged or defeated, and that consequently the claimant took nothing by his purchase, the brandy being already the property of the United States. If, then, there was any question as to the true construction to be given to section 68, as qualified by the proviso thereto, it would be the duty of the court to reject the construction sought for by the claimant. Such a construction would put it in the power of every dishonest distiller to evade the payment of the taxes due upon his manufactures, by means of private sales to third persons. No seizure would be made, but a claimant would be found alleging that he was a purchaser in good faith; and whether he was or not, and most likely if he was not, he would come into court fortified with bills of sale and all the formal evidence of purchase and possession.

It would be impossible for the government to remove or penetrate the exterior seeming of legality and apparent honesty with which avarice and unscrupulousness would envelope and disguise the most deliberate and gross attempts to defraud the revenue, and, in the end, the law imposing a tax upon the distillation of spirits would become inoperative and of no effect.

At the time of the purchase the goods were the property of the United States. Judgment must be given. accordingly, and against the claimant for the costs from the time of his intervention, and which were caused thereby.